# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7652 | DATE | 10/31/2002 |
| CASE TITLE | Richard Rosen vs. Scil, LLC, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this sua sponte memorandum opinion and order, this Court remands this action to its place of origin, the Circuit Court of Cook County - - but without prejudice to a possible future effort at removal if and when the jurisdictional preconditions to such removal have been satisfied. In accordance with this District Court's LR 81.2(b), the clerk is ordered to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 01 2002 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | CU | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 10/31/2002 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD ROSEN,                )
                              )
            Plaintiff,        )
                              )
      v.                      )    No. 02 C 7652
                              )
SCIL, LLC, et al.,            )
                              )
            Defendants.       )

**DOCKETED NOV 0 1 2002**

MEMORANDUM OPINION AND ORDER

SCIL, LLC ("SCIL") and Saks Incorporated ("Saks") have filed a timely Notice of Removal ("Notice") to bring this action from the Circuit Court of Cook County to this District Court, seeking to ground federal jurisdiction on asserted diversity of citizenship. For the reasons stated in this sua sponte memorandum opinion and order, this Court remands this action to its place of origin--but without prejudice to a possible future effort at removal if and when the jurisdictional preconditions to such removal have been satisfied.

To begin with, it is long past time for any federal practitioner to be aware that the 28 U.S.C. §1332[1] citizenship of a limited liability company such as SCIL has nothing to do with these irrelevancies described in Notice ¶4:

> Defendant SCIL is a Virginia limited liability company, has its principal place of business in that state, is domiciled in that state, and is a citizen of that state.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

4

Instead Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a flock of Seventh Circuit cases since then have consistently taught that the only relevant states of citizenship are those of <u>all members</u> of the limited liability company, a subject on which both the Complaint and the Notice are totally silent. So even though the removal provisions of Section 1441(a) call for this Court to disregard the citizenship of "Does 1-10" (referred to in the case caption and Complaint ¶5) <u>if</u> they are "defendants sued under fictitious names," the Notice still falls short in terms of establishing the total diversity that has been required for nearly two centuries--see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

There is another potential problem to any attempted removal that lurks in the Complaint. In this instance the "Does 1-10" codefendants, although they are presently unnamed, are identified in Complaint ¶5 as "other entities owned by defendant Saks that operate any of the above-referenced stores in Illinois." Relatedly Complaint ¶3 (which is in turn incorporated by reference into Complaint ¶5) identifies no fewer than ten trade names for some 50 stores operated here in Illinois by those defendants.

If any one or more of those stores is indeed owned not by Saks but by a corporate subsidiary or affiliate of Saks, and if either or both of the dual facets of corporate citizenship under

Section 1332(c)(1) for any such entity is or are Illinois-sited, that would destroy the necessary total diversity. Those, of course, are facts known to Saks and its counsel, and any further attempt at removal would have to negate that possibility.

Finally, it should be noted that the premise on which the other branch of diversity jurisdiction rests--the requisite amount in controversy--is itself open to question. Rosen's claim of the unlawful charging of sales tax on garment alterations comes to the grand sum of $3.91 (another $7.65 had been charged to his account, but that was later refunded when the alteration charge itself was refunded). Although Rosen does seek punitive damages, the prospect that any award of that nature could even begin to approach the over-$75,000 floor needed for diversity purposes is pretty much nonexistent (see, e.g., Del Vecchio v. Conseco, Inc., 230 F.3d 974, 978-80 (7th Cir. 2000)).[2]

Thus SCIL-Saks' reliance has to rest principally on this assertion in Notice ¶5:

> If the injunction Plaintiff seeks is entered,
> Defendants will incur expenses significantly in excess
> of $75,000.00 to modify their systems in such a manner
> as to comply with the injunction sought.

On that score our Court of Appeals has cast considerable doubt on the viability of that theory under the circumstances here (see In

---

[2] This is quite apart from the possible unconstitutionality of a punitive damages award that would dwarf the actual damages to that extent.

re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 609-10 (7th Cir. 1997)). And this Term the United States Supreme Court is scheduled to decide the precise issue posed by the language quoted from Notice ¶5 in Ford Motor Co. v. McCauley, Dkt. No. 01-896 (reviewing the Ninth Circuit's decision reported at 264 F.3d 952 (9th Cir. 2001)). Under present circumstances, however, this Court need not resolve that issue--it is simply earmarked for potential future consideration.

In all events "it appears that the district court lacks subject matter jurisdiction" within the meaning of Section 1447(c) and controlling caselaw. That being the case, Section 1447(c) goes on to say that "the case shall be remanded." This Court so orders. In accordance with this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

　　　　　　　　　　　　　　　　/s/ William J. Shadur
　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　Senior United States District Judge

Date: October 31, 2002